ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| US Pan American Solutions, LLC | ) | ASBCA No. 63743 |
| | ) | |
| Under Contract No. N68836-22-P-0257 | ) | |

APPEARANCE FOR THE APPELLANT:      Mr. Jorge Delpino
      President

APPEARANCES FOR THE GOVERNMENT:      Craig D. Jensen, Esq.
      Navy Chief Trial Attorney
      Sharon H. Sachs, Esq.
      Lance P. Fortney, Esq.
      Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON JURISDICTION

This appeal arises out of the termination for cause of a contract between appellant US Pan American Solutions, LLC (USPAS) and the Naval Supply Systems Command Fleet Command Center Jacksonville (Navy). Shortly after USPAS filed its notice of appeal, the Board *sua sponte* directed the parties to brief the question of the Board's jurisdiction. The Navy submitted a brief requesting that the appeal be dismissed for lack of jurisdiction, contending that it was untimely filed because USPAS did not submit its notice of appeal within 90 days as required by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. USPAS did not respond to the Navy's brief. We dismiss the appeal as untimely filed.

STATEMENT OF FACTS (SOF)

1. On August 17, 2022, the Navy awarded Contract No. N6883622P0257 (contract) to USPAS for the delivery of three glacial pool coolers for use at the Naval Diving and Salvage Training Center in Panama City, Florida (R4, tab B at 21, 24).[*] The contract specified November 30, 2022 as the delivery date (*id.* at 23).

2. USPAS did not deliver the pool coolers on November 30, 2022, the contract's delivery date, so by email dated December 9, 2022, the Navy requested that USPAS provide a status update. USPAS responded that shipment was scheduled for

---

[*] The government numbered the pages of its Rule 4 submission with leading zeros, which we omit here.

December 22, 2022.  (R4, tab B at 37-38)  USPAS failed to meet that shipment date as well.  For the next four months – between January and April 2023 – the Navy repeatedly requested that USPAS provide it with status updates concerning when it could expect the pool coolers to be delivered.  USPAS either ignored those requests, was noncommittal in its response, or provided delivery or shipment dates that it then failed to meet.  (R4, tab B at 39-41, 51-54, 58-60, 67)

3.  On April 3, 2023, the Navy directed USPAS to contact it by the close of business the following day to avoid "any possible actions in regards to this contract" (R4, tab B at 66-67).  On April 13, 2023, USPAS and the Navy participated in a conference call, at which time the Navy rejected USPAS's proposed delivery date 90 days hence.  Instead, the parties agreed that by the following day, USPAS would provide the Navy with an updated delivery date that was within 60 days.  USPAS failed to provide that information.  (R4, tab C at 107)

4.  On April 18, 2023, the Navy informed USPAS that it intended to issue a contract modification to extend the delivery date for 60 days but would seek guidance from its attorneys if USPAS missed that delivery date as well.  The Navy again requested that, by the following day, USPAS provide it with an updated delivery date.  USPAS never provided that information.  (R4, tab B at 74-77, tab C at 107)

5.  At some point the Navy decided that rather than formally extend the delivery date it would terminate USPAS's contract.  By email dated May 3, 2023, the Navy forwarded to USPAS a copy of contract Modification No. P00001 (Mod 1) terminating USPAS's contract for cause for failure to timely deliver the pool coolers.  Neither the cover email nor Mod 1 included the standard recitation of a contractor's appeal rights required under Federal Acquisition Regulation (FAR) 33.211(a)(4)(v).  (R4, tab B at 90, tab C at 92-96)

6.  By email dated May 8, 2023, USPAS wrote to the Navy requesting assistance "to address a pressing issue that arose during our recent call" with Navy representatives:

> During the call, it was mentioned that [a Navy representative] was open to extending our current timeline by more than 90 days.  However, it appears that there has been a miscommunication or misunderstanding, as we have now been notified that we are required to proceed with the appeal process.  This situation not only creates an unnecessary burden on the appeal board's valuable time

> but also imposes significant financial implications on our group due to this termination.

(R4, tab C at 109)

7.  The Navy responded on May 12, 2023, advising USPAS that it was within its rights to terminate the contract (R4, tab C at 110-11).  The Navy's response also included the following sentence:  "The contractor may appeal this decision under 'The Contract Disputes Act of 1978 (CDA)'" (*id.* at 111).  USPAS replied on May 17, 2023, informing the Navy that it had "contacted Absca Appeal Board and we are really confused on why this [isn't] being supported and allowed to proceed with delivery . . . ." (*id.* at 106).

8.  USPAS's May 17, 2023 email apparently prompted a conference call between the parties.  By email dated May 22, 2023, the Navy provided a "recap" of the call, stating "[w]e will expect an email of the updated confirmed delivery date no later than Tuesday, 23 May 2023 12:00pm EST.  This email will serve as the next action by the Government in reference to the subject terminated contract for failure of delivery of 3 Pool Coolers . . . ." (R4, tab C at 113)  The following afternoon, USPAS informed the Navy that the approximate delivery date would be July 7, 2023 (*id.* at 215).

9.  By email dated June 2, 2023, the Navy forwarded to USPAS a contract modification extending the delivery date until July 7, 2023, which USPAS was to sign and return to the Navy.  The email stated that if the pool coolers were not received on that date the Navy would "initiate actions to terminate this contract for cause on 10 July 2023." (R4, tab C at 212)  On June 6, 2023, the Navy executed Modification No. P00002 (Mod 2) rescinding Mod 1, reinstating the contract, and extending the delivery date to July 7, 2023 (R4, tab D at 231-32).

10.  During June 2023, the Navy repeatedly requested confirmation from USPAS that the pool coolers would be delivered by July 7, 2023.  In these communications the Navy frequently reminded USPAS that the contract would be terminated for cause if the delivery date was not met.  USPAS provided the requested assurances throughout the month.  (R4, tab D at 238, 242-43, 250-52, 263-64)  However, on July 3, 2023 USPAS responded much more equivocally, this time stating "[w]e will work today to have this info supported regarding our delivery.  I will follow up with tracking as soon as possible" (*id.* at 273).

11.  On July 5, 2023, a Navy representative emailed USPAS, stating that several attempts had been made via text, email and voicemail to obtain a status on the anticipated delivery.  The representative directed USPAS to provide a "detailed status by 3:00 PM" that day.  (R4, tab D at 288-89)  The Navy representative once again

reminded USPAS that failure to meet the July 7, 2023 delivery date would result in a termination for cause (*id.* at 289).

12. Early on the morning of July 6, 2023, USPAS advised the Navy via email that it had still not received the bill of lading or tracking for the pool coolers and that "the mid week 4th Holiday has un-expectedly caused this last delay" (R4, tab D at 306). An email from approximately 10 am that morning, originating from the Navy and sent to numerous representatives of both the Navy and USPAS, contains copies of text exchanges between representatives from USPAS and the Navy regarding the anticipated delivery, with USPAS providing evasive responses to the Navy's demands for delivery information (R4, tab D at 303). One hour later the Navy emailed USPAS stating "[y]ou have failed to respond with status. The Government demands a phone conference today" (*id.* at 304).

13. On July 7, 2023, a USPAS representative emailed the Navy to confirm he would "send an invite for a Monday [July 10, 2023] 1:15 pm call" with USPAS's suppliers (R4, tab D 323-24). Within minutes the Navy declined the offer to participate in that call and instead requested that USPAS provide an accurate delivery time by 3:00 pm that day (R4, tab D at 322). We were unable to locate in the record any evidence that USPAS responded to that email.

14. By email dated July 14, 2023, the Navy informed USPAS that it was forwarding a copy of contract Modification No. P00003 (Mod 3) terminating USPAS's contract for cause for failure to deliver the pool coolers. Neither the cover email nor Mod 3, also dated July 14, 2023, included the standard recitation of a contractor's appeal rights required under FAR 33.211(a)(4)(v). (R4, tabs D at 325, E at 328-30)

15. USPAS filed its notice of appeal with the Board on October 24, 2023 and included a copy of Mod 3 with its submission. Because it appeared the appeal might be untimely under the CDA, by Order dated October 27, 2023, the Board directed USPAS to show by suitable evidence that it filed a timely appeal in accordance with 41 U.S.C. § 7104(a).

16. Instead of providing the evidence requested by the Board, on November 28, 2023, USPAS's president, Mr. Jorge Delpino, submitted a request to the Board for alternative dispute resolution. In that request, Mr. Delpino stated that USPAS "received the Termination on 7/14/23 and . . . without counsel misinterpreted the appeal period as 120 days." (Bd. corr. email dtd. November 28, 2023) We find that admission by Mr. Delpino indicates USPAS received the Navy's termination decision on July 14, 2023.

17. By Order dated December 4, 2023, the Board directed the Navy to brief the question of whether the Board possesses jurisdiction to hear this appeal. In that same

Order, USPAS was advised that upon receipt of the government's brief it would have 30 days to respond. The Navy submitted its brief on December 19, 2023, requesting that the Board dismiss the appeal for lack of jurisdiction because USPAS did not file its notice of appeal within 90 days after it received Mod 3, as required by the CDA (gov't br. at 4-5). A copy of that brief was provided to USPAS.

18. USPAS did not respond to the government's December 19, 2023 brief on the question of the Board's jurisdiction; nor did it respond to multiple subsequent orders from the Board directing it to submit a response to the government's brief.

DECISION

Appellant bears the burden of establishing by a preponderance of the evidence that the Board possesses jurisdiction to hear its appeal. *See Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. We accept uncontroverted factual allegations as true for purposes of deciding motions to dismiss for lack of jurisdiction, and "other facts underlying the jurisdictional allegations are subject to fact-finding" based upon our review of the record. *See L-3 Commc'ns Integrated Sys., L.P.*, ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,625 (citations omitted).

Under the CDA, contractors must file their notices of appeal with the Board within 90 days of receiving a contracting officer's final decision. 41 U.S.C. § 7104(a); *see Woolpert, Inc.*, ASBCA No. 63515, 24-1 BCA ¶ 38,542 at 187,349. "In the case of a termination for cause, such as the one presented here, receipt of notification of the [contracting officer's] decision to terminate for cause begins the 90-day clock." *Western Trading Co.*, ASBCA No. 61004, 18-1 BCA ¶ 37,030 at 180,304 (quoting *Bushra Co.*, ASBCA No. 59918, 16-1 BCA ¶ 36,355 at 177,238). The 90-day deadline is statutory, strictly construed and cannot be waived. *See Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982).

For purposes of starting the CDA's 90-day window, it is typically the government's burden to prove the date a contractor received a final decision. *See, e.g., MVP Network Consulting, LLC*, ASBCA No. 63466, 23-1 BCA ¶ 38,427 at 186,766 (government must provide "objective indicia" of actual receipt; without more, evidence that a final decision was emailed to appellant "introduces uncertainty" to the analysis). The Navy provided a July 14, 2023 email purporting to forward a copy of Mod 3, and Mod 3 itself is dated July 14, 2023 (SOF ¶ 14). While the Rule 4 file does not include evidence establishing the date that USPAS received notice of the Navy's second termination for cause, we have previously found that an appellant's failure to assert a different receipt date can be used to establish that it received the final decision on the email transmission date. *See Alnawars Co.*, ASBCA No. 58678, 13-1 BCA

5

¶ 35,463 at 173,908 ("Since appellant has not asserted, in response to the government's motion, that it received the COFD on a different date, we find that appellant received the COFD on 14 January 2013."); *see also Zahra Rose Constr. & Logistics Servs. Co.*, ASBCA No. 63221, 22-1 BCA ¶ 38,134 at 185,234, *recon. denied* 22-1 BCA ¶ 38,148 (noting appellant did not assert that it received the final decision on a date other than the date it was emailed).

In addition, USPAS's president, Mr. Delpino, has admitted in correspondence with the Board that USPAS received the notice of termination on the same date the email indicates it was sent – July 14, 2023 (SOF ¶¶ 14, 16; *see* gov't br. at 3). We deem this admission sufficient to prove that USPAS received notice of the termination on July 14, 2023 (SOF ¶ 16).

We also do not find fatal to the jurisdictional question the Navy's failure to include in Mod 3 language regarding USPAS's appeal rights. FAR 33.211 requires that a contracting officer's written decision include language substantially the same as the following:

> This is the final decision of the Contracting Officer.
> You may appeal this decision to the agency board of contract appeals.
> If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken.
> The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number.

FAR 33.211(a)(4)(v). The omission of that notice, however, does not nullify an otherwise valid final decision. *See Parsons Gov't Servs., Inc.*, ASBCA No. 62113, 20-1 BCA ¶ 37,586 at 182,509 (citing *Alenia North America, Inc.*, ASBCA No. 57935, 13 BCA ¶ 35,296 at 173,271). Nor will it stop the 90-day deadline from commencing unless the contractor can show detrimental reliance or prejudice. *Decker & Co. v. West*, 76 F.3d 1573, 1579 (Fed. Cir. 1996); *see Mansoor Int'l Dev. Servs.*, ASBCA No. 58423, 14-1 BCA ¶ 35,742 at 174,926 (citing *Decker* for the proposition that it is the contractor's burden to show prejudice). If the contractor can show detrimental reliance or prejudice, the 90-day deadline will be tolled. *Access Personnel Servs., Inc.*, ASBCA No. 59900, 16-1 BCA ¶ 36,407 at 177,517.

The Navy argues that USPAS was not prejudiced by the omission of its appeal rights in Mod 3 or the cover email (gov't br. at 5-12). We agree. The Navy's first

6

termination for cause in May 2023 (which was later rescinded) also did not include the language required by FAR 33.211(a)(4)(v) (SOF ¶ 5). Nevertheless, in apparent response to that termination, USPAS emailed the Navy on May 8, 2023 stating that "we have now been notified that we are required to proceed with the appeals process" which would "create[] an unnecessary burden on the appeal board's valuable time" (SOF ¶ 6). Moreover, USPAS's May 17, 2023 statement that it had "contacted Absca Appeal Board" after the Navy advised it could "appeal this decision under the Contract Disputes Act" shows USPAS was aware well before the second (and final) termination that it had the right to appeal, and further that it knew this Board was where its appeal could be filed (SOF ¶¶ 6-7).

USPAS has also not affirmatively claimed that it was prejudiced by the Navy's failure to include its appeal rights in Mod 3 or the cover email. *See Zahra Rose Constr.*, ASBCA No. 63221, 22-1 BCA ¶ 38,134 at 185,234 (in finding no prejudice, noting that appellant "[did] not assert that the lack of written appeal rights prejudiced its ability to timely initiate its Board appeal"). In fact, USPAS well knew how to properly initiate an appeal, having appeared before the Board in the recent past. In *U.S. Pan American Sols., LLC*, ASBCA No. 62629, 21-1 BCA ¶ 37,911, the Board found USPAS's notice of appeal was timely because it was filed within 90 days of a later-dated corrected version of the government's original termination decision. *Id.* at 184,120. It is difficult to understand how USPAS could have been unaware of its appeal rights, including the 90 day deadline, given that prior litigation. *See also BCC-UIProjects-ZAAZTC Team JV*, ASBCA No. 62846, 22-1 BCA ¶ 38,119 at 185,176 (a party's "demonstrated ability to bring an appeal to the Board is affirmative evidence" that no prejudice occurred). We note that USPAS's president, Mr. Jorge Delpino, served as USPAS's named representative in that earlier appeal as well as this one. *See id.* (finding no prejudice in part because the person who brought an earlier appeal on behalf of one of the parties to the joint venture was still associated with that party). Given that prior litigation and resulting Board decision on precisely this issue, it is unclear to us why Mr. Delpino or USPAS "misinterpreted the appeal period as 120 days" (SOF ¶ 16; *see* gov't br. at 3).

The record establishes that the Navy notified USPAS via email of the termination on July 14, 2023, and USPAS admits it received notice of the termination on that date (SOF ¶¶ 14, 16). Yet USPAS did not file its appeal with the Board until October 24, 2023, 12 days beyond the closing of the 90-day window (SOF ¶ 15). USPAS was given multiple opportunities to present relevant evidence or to otherwise challenge the Navy's assertions in its brief, but failed to do so (SOF ¶¶ 16-18). We therefore conclude that because it was untimely filed, we do not possess jurisdiction to hear USPAS's appeal.

## CONCLUSION

The appeal is dismissed.

Dated: May 13, 2024

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

LAURA EYESTER
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Decision and Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 63743, Appeal of US Pan American Solutions, LLC, rendered in conformance with the Board's Charter.

Dated: May 13, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals